UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Steve Brown,

  Petitioner,

v.

United States of America,

  Respondent.

Criminal Case No. 09-20126
Civil Case No. 10-11786

HON. SEAN F. COX
United States District Judge

_____

## OPINION & ORDER GRANTING THE GOVERNMENT'S MOTION TO DISMISS PETITIONER'S MOTION TO VACATE SENTENCE

Presently before the Court is Petitioner Steve Brown's Post Conviction Motion Pursuant to 28 U.S.C. § 2255, and the Government's Motion to Dismiss Defendant's Motion to Vacate. For the reasons that follow, the Court shall **GRANT** the Government's motion to dismiss and shall **DISMISS** Brown's motion.

### BACKGROUND

In this action, Petitioner Steve Brown ("Brown") was initially charged with multiple drug-related offenses. On June 26, 2009, Brown pleaded guilty to one count of possession with the intent to distribute cocaine base, in violation of 21 U.S.C. § 841. (Plea Transcript, Doc. No. 25 at p. 9). The terms of the Rule 11 Plea Agreement included a two-point offense-level enhancement for possession of a firearm during the relevant conduct (Doc. No. 20 at p. 13) and provided for an agreed guideline range of 30 to 37 months imprisonment. *Id*. at p. 3. This Court imposed a sentence of 30 months, the bottom of the guideline range, on November 6, 2009. (Sentencing Transcript, Doc. No. 27 at p. 9).

On May 3, 2010, Brown filed a motion pursuant to 28 U.S.C. § 2255. (Doc. No. 22). In his motion Brown argues that his sentence should be corrected, alleging that the two-point offense enhancement was generally unreasonable, that the Court was not adequately informed about Brown's cooperation with the Government, and that his Sixth Amendment rights were violated through ineffective assistance of counsel. *Id*.

On June 28, 2010, the Government filed a motion to dismiss Brown's motion to vacate sentence, arguing that Brown waived his right to pursue post-conviction relief in his Rule 11 Plea Agreement. (Doc. No. 29). Subsequently, Brown filed a response to the Government's motion to dismiss on August 16, 2010, reaffirming his wish for this Court to review his sentence and outlining the same claims alleged in his original motion. (Doc. No. 30).

## STANDARD OF REVIEW

Petitioner's motion is brought pursuant to 28 U.S.C. § 2255, which provides as follows, in pertinent part:

> A prisoner in custody under a sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence imposed was in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such a sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside, or correct the sentence.

28 U.S.C. § 2255.

To prevail on a § 2255 motion, "a petitioner must demonstrate the existence of an error of constitutional magnitude which has a substantial and injurious effect or influence on the guilty plea or the jury's verdict." *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005) (internal citation omitted). Non-constitutional errors are generally outside the scope of § 2255

relief. *See United States v. Cofield*, 233 F.3d 405, 407 (6th Cir. 2000). A movant can prevail on a § 2255 motion alleging non-constitutional error only by establishing "a fundamental defect which inherently results in a complete miscarriage of justice, or an error so egregious that it amounts to a violation of due process." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (internal citation omitted).

ANALYSIS

In support of his § 2255 motion to vacate, Brown presents a number of issues that he feels warrant the reduction of his sentence. (Doc. No. 22). The Government contends that Brown's motion should be dismissed because he voluntarily waived his right to collaterally attack his sentence when he entered into the Rule 11 Plea Agreement. The Court agrees.

Under the agreement, the Government dismissed a second count of the indictment and recommended a sentencing guideline range of 30 to 37 months imprisonment. *Id*. Additionally, paragraph seven of the Rule 11 Plea Agreement includes an express waiver of appeal, which reads:

> Defendant understands that defendants generally have the right to attack their convictions and sentences by filing post-conviction motions, petitions, or independent civil actions. As part of this agreement, however, defendant knowingly and voluntarily waives that right and agrees not to contest his/her conviction or sentence in any post-conviction proceeding, including – but not limited to – any proceeding under 28 U.S.C. § 2255.

*Id*. at pp.8-9. This waiver is similar to those previously enforced by the Sixth Circuit. *See Watson v. United States*, 165 F. 3d 486 (6th Cir. 1999); *Davila v. United States*, 258 F. 3d 448 (6th Cir. 2001); and *In Re Acosta*, 480 F. 3d 421 (6th Cir. 2007). Specifically, the Sixth Circuit has held that "a defendant's informed and voluntary waiver of the right to collaterally attack a conviction and sentence is enforceable." *In Re Acosta*, 480 F. 3d at 488-89. The Sixth Circuit

has suggested, however, that attacks on the validity of the waiver itself, such as a claim that the plea was involuntary or a claim of ineffective assistance of counsel, may have merit. *Id*.

Brown's challenge to the two-point offense-level enhancement for possessing a firearm, as well as his contention that the Court was not adequately informed about his level of cooperation with the Government, are collateral attacks that relate to the substance of the plea that Brown has agreed not to appeal. These are not attacks on the validity of the Plea Agreement itself. By voluntarily entering into the Rule 11 Plea Agreement, Brown waived his right to contest these issues in any post-conviction proceeding.

Next, Brown contends that his counsel was ineffective and as a result his Sixth Amendment rights were violated. (Doc. No. 22 at p. 13, *citing Strickland v. Washington*, 466 U.S. 668 (1984)). Although ineffective assistance of counsel is a proper attack on the validity of a plea, Brown fails to allege any specific facts that may show that his attorney was ineffective. Rather, his allegation is conclusory. Since Brown does not present any specific facts regarding this claim and because he is proceeding *pro se*, this Court construes Brown's claim as one of ineffective assistance of counsel at sentencing. Brown simply presumes that his counsel was ineffective because his sentence is now unfavorable to him. (Doc. No. 22 at p. 3). In fact, the Plea Agreement included an affirmation, signed by both Brown and his attorney, which expressed that he "acknowledges being satisfied with defense attorney's advice and representation" and that he "had a full and complete opportunity to confer with counsel, and that all of defendant's questions have been answered by counsel." (Doc. No. 20 at p. 12).

Additionally, while under oath at the June 26, 2009 plea hearing, Brown acknowledged reading, signing and understanding the Rule 11 Plea Agreement. (Doc. No. 25 at pp. 6-14).

4

During the plea hearing, the following discourse took place between the Court and Brown:

> THE COURT: Have you discussed the charges as well as the sentencing consequence of these charges with your attorney Mr. Karasick?
>
> THE DEFENDANT: Yes.
>
> THE COURT: Has – – did Mr. Karasick answer any and all questions that you had regarding anything contained in the charges as well as the sentencing consequences of these charges?
>
> THE DEFENDANT: Yes.
>
> THE COURT: Do you have any questions at all regarding anything contained in the charges or the consequences of the charges?
>
> THE DEFENDANT: No.
>
> ***
>
> THE COURT: All right. Before you signed the Rule 11 Agreement, did you read the Rule 11 agreement as well as the attached worksheets which are worksheet A . . . worksheet B, worksheet C which consist of two pages as well as worksheet D, and as well worksheet E which consists of three pages?
>
> THE DEFENDANT: Yes.
>
> THE COURT: Before you signed the Rule 11 agreement did you review the Rule 11 as well as the attached worksheets with Mr. Karasick?
>
> MR. KARASICK: Yes.
>
> THE COURT: And before you signed the Rule 11 agreement did Mr. Karasick answer any and all questions that you have had regarding your case?
>
> THE DEFENDANT: Yes.
>
> THE COURT: Are you satisfied with the advice and service he has provided to you in your case?
>
> THE DEFENDANT: Yes.

(Doc. No. 25 at pp. 6-7).

Furthermore, the Court read the waiver of appeal and post-conviction rights and asked Brown if he had any questions concerning the waiver of appeal. *Id.* at 14. Brown responded that he had no further questions. *Id*. Brown also testified that he understood the consequences of the Rule 11 Plea Agreement and the rights that he would be waiving. *Id*. at 8-9. Later, at the November 6, 2010 sentencing hearing, Brown made similar remarks of his satisfaction with his attorney and acknowledged that he understood the rights he would be waiving under the Plea Agreement. (Doc. No. 27 at p. 4). Brown acknowledged that he had the opportunity to review the pre-sentence report with his attorney and that he had no "objections, additions, or deletions" that he wished to bring to the Court's attention. *Id*. The Court then read the waiver of appeal to Brown, just as it did during the plea hearing. *Id*. at pp. 11-12. Brown has alleged no facts to contradict these statements made during the plea or sentencing hearings that would establish that his attorney was ineffective.

Lastly, it should be noted that ***Brown's § 2255 motion does not allege that the Plea Agreement or waiver was involuntarily, nor does it challenge the validity of the Plea Agreement itself***. This is not surprising, given Brown's testimony during the plea hearing:

> THE COURT: Has anyone tried to force you to plead guilty by any mistreatment or pressure?
>
> THE DEFENDANT: No.
>
> THE COURT: Are you pleading guilty freely and voluntarily because you are guilty and it is your choice to plead guilty to Count 1 of the indictment?
>
> THE DEFENDANT: Yes.

(Doc. No. 25 at p. 15).

In its motion to dismiss, the Government notes that "[d]efendant does not contest his guilt or the validity of his guilty plea and does not dispute that he fully understood all the terms of his plea agreement, including the express provision that he was knowingly and waiving the right to file a 2255 motion." (Doc. No. 29 at p. 6). The Court agrees and finds that Brown knowingly and voluntarily waived his right to contest his sentence in any post-conviction proceeding, including any proceeding brought under § 2255.

CONCLUSION

For the reasons explained *supra*, the Court **GRANTS** the Government's motion to dismiss Brown's motion to vacate sentence, and **DISMISSES** Brown's § 2255 motion.

**IT IS SO ORDERED**

S/Sean F. Cox
Sean F. Cox
United States District Judge

Dated: October 13, 2010

I hereby certify that on October 13, 2010, a copy of the foregoing document was served upon counsel of record by electronic means and upon Steve Brown via First Class Mail at the address below:

Steve Brown #42715-039
Fort Dix Federal Correctional Institution
Inmate mail/parcels
P.O. Box 2000
Fort Dix, NJ 08640

S/J. Hernandez
Case Manager